UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:17-CR-62-CHB-HAI-1 |
| v. | ) ) | RECOMMENDED DISPOSITION[1] |
| WILLIE J. ROWAN, | ) ) | |
| Defendant. | ) ) | |

*** *** *** ***

On September 4, 2018, Defendant Willie J. Rowan, through counsel, filed a sealed motion for a mental examination to determine his competence. D.E. 36. On September 7, Magistrate Judge Smith held a hearing on the sealed motion and found "that further clarification from the Defendant as to the scope of the requested evaluation [wa]s appropriate." D.E. 39. Thus, Magistrate Judge Smith directed defense counsel to file a supplement to the sealed motion that addressed the scope of the evaluation sought and the statutory basis for the evaluation. *Id.* In the filed supplement, defense counsel requested a mental examination and an evaluation of Defendant for purposes of 18 U.S.C. § 3553(a).[2] D.E. 40.

On September 24, the undersigned conducted a hearing on Defendant's sealed motion and supplement. D.E. 42. After hearing from counsel, the Court found there was reasonable cause to

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

[2] Count 1 of the indictment charged Defendant with conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and Count 2 charged him with possession of firearms in furtherance of a drug trafficking offense. D.E. 1 at 1–2. Defendant pled guilty to both counts and is awaiting sentencing. *See* D.E. 28.

believe that Defendant might be suffering from a mental disease or defect rendering him mentally incompetent, as defined in § 4241(a). *Id.*; D.E. 43 at 2.

Defendant's evaluation occurred at the Federal Medical Center in Lexington, Kentucky, from October 3 through November 16, 2018. D.E. 51 at 2. All parties had access to the resulting forensic report ("the Report") issued by forensic psychologist Judith "Betsy" Campbell, Ph.D. *Id.* The Report opines that Defendant "is **not** currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." *Id.* at 11 (emphasis in original). "Thus, in the opinion of the examiner, Mr. Rowan **is** currently competent to stand trial." *Id.* (emphasis in original).

After receipt and circulation of the Report, the undersigned scheduled a hearing pursuant to 18 U.S.C. §§ 4241 and 4247(d) for December 20, 2018. D.E. 50. At the scheduled hearing, the parties stipulated to the admissibility of the Report by Dr. Campbell, as well as to her qualifications. D.E. 52. Both parties also waived the introduction of other proof and the right to examine or cross-examine Dr. Campbell; neither party offered any other evidence into the record. *Id.*

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include

2

the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per § 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a). This framework does not dictate which party bears the burden, which has led to disagreements among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[3] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 437, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise"). However, it is this Court's practice to place the burden on the movant, which in this case is Defendant.

At the final hearing, neither party sought to introduce further evidence. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Campbell, and the Court finds that the Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition. Notably, the Report reflects personal observation by Dr. Campbell, a review of Defendant's available legal documents, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. *See* D.E. 51 at 2–3. Dr. Campbell analyzed Defendant's history, the course of the evaluation, and his testing performance, and she observed Defendant via interviews and subjected him to a battery of

---

[3] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170, at *2 (6th Cir. 1995) (per curiam) (table).

psychological testing. *Id.* at 2–11. Dr. Campbell also made contact with defense counsel and the prosecutor. *Id.* at 3.

The following observations noted in the Report give context to Dr. Campbell's finding that Defendant is competent to proceed in this matter:

(1) Defendant was informed of the purpose and nature of the evaluation, including that the traditional confidential relationship between patient and psychologist did not exist (*Id.* at 2);

(2) Based on Defendant's "reported education, and his ability to speak clearly and articulately about his history and his pending criminal charges, no intelligence testing was deemed necessary" (*Id.* at 3);

(3) Defendant reported a family history of substance abuse and mental illness. He also reported he suffered from physical and sexual abuse by his mother's boyfriend and indicated that he was sexually abused by a babysitter when he was in the third or fourth grade (*Id.* at 4);

(4) Defendant reported one suicide attempt when he was around ten or eleven (*Id.*), and during the course of his evaluation, a suicide risk assessment was completed on Defendant following his report he had experienced some suicidal ideation while at FMC Lexington (*Id.* at 5). However, Defendant denied acute suicidal ideation or intent, and he was found to be low risk. (*Id.*) Prison staff saw Defendant for a follow-up and to ensure his safety, and at that time, he denied continued suicidal ideation or intent (*Id.*);

(5) Defendant acknowledged a history of heavy drinking and drug use, including marijuana, cocaine, crack cocaine, Xanax, Oxycodone, methamphetamine, Acid,

psychedelic mushrooms, spice, ecstasy, and K2. He reported he has participated in inpatient and outpatient substance-abuse treatment (*Id.* at 4);

(6) Defendant denied having ever suffered from a mental illness or having received mental-health treatment, and his mental condition remained stable over the course of the evaluation (*Id.* at 3–4);

(7) Defendant was referred to supportive counseling during his evaluation, and his main complaints were regarding his current legal situation, a desire to see his children, and his history of childhood abuse (*Id.* at 5);

(8) Defendant was administered the Minnesota Multiphasic Personality Inventory-2 (MMPI-2) and the Structured Inventory of Malingered Symptomatology (SIMS). (*Id.* at 5–6). He was also asked to complete a personal history questionnaire and a series of competency related questions (*Id.* at 3, 6);

(9) The MMPI-2 "is a self-report measure of psychological symptoms," and validity scales for that assessment "indicated a possibility that Mr. Rowan is exaggerating his report of psychological symptoms." (*Id.* at 5–6). Overall, "his profile suggests he experiences a high degree of suspicion and mistrust of others, and views the world as a hostile place" (*Id.* at 6);

(10) The SIMS is also a self-report questionnaire, and "[i]t is a screening instrument designed to provide information regarding malingered psychological and neurological symptoms." (*Id.*) Defendant's test results on the SIMS suggest he "is exaggerating about his psychological problems" and are further "suggestive of malingering" (*Id.*);

(11) Defendant demonstrated a thorough understanding of the court process, his criminal charges, and possible consequences of prosecution and conviction, and he

> "was able to engage in discussions with the examiner which suggests he is able to participate in preparing his defense and understands the crime he is alleged to have committed" (*Id.*); and

(12)   "[M]ental status examinations conducted over the course of the evaluation provided no indication of severe mental impairment which would prevent Mr. Rowan from being able to perform the mental tasks required of a defendant" (*Id.* at 8);

Based upon her observations of Defendant and his results from the assessments, Dr. Campbell diagnosed Defendant with: (1) unspecified personality disorder, with antisocial features; (2) cannabis use disorder; (3) stimulant use disorder, cocaine and amphetamine types; (4) opioid use disorder; and (5) anxiolytic use disorder.  *Id.*  Concerning Defendant's personality disorder, Dr. Campbell described antisocial traits as "including a pervasive pattern of disregard for and violation of the rights of others, failure to conform to social norms with respect to lawful behaviors and frequent interactions with the criminal justice system, impulsivity, irritability and aggressiveness, consistent irresponsibility, and lack of remorse."  *Id.* at 8–9.  According to the Report, personality disorders can make a person difficult to work with, but they are not seen as symptoms of a psychotic disorder.  *Id.*  And concerning Defendant's substance-abuse diagnoses, Dr. Campbell suggested that Defendant would be unlikely to refrain from using illegal substances without the benefit of structured, supervised substance-abuse treatment.  *Id.* at 9.

During his evaluation, Defendant reported a distrust for his attorney and for the legal system.[4]  However, the Report notes that "he was able to participate in legally focused interviews with the examiner," that he "effectively addressed all realms of his personal functioning," and that he "request[ed] assistance to help him cope with difficult feelings appropriately."  *Id.* at 10.

---

[4] At his final hearing, however, Defendant affirmatively told the Court that he wishes to keep defense counsel as his representation.

Importantly, at the final hearing, defense counsel stated that the Report was consistent with his observations.[5]

On these facts, the Court finds Dr. Campbell accurately applied the *Dusky* standard as codified in § 4241(a) to determine that Defendant is competent. Further, there is not any evidence that tends to show Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that District Judge Boom find that Defendant is competent to face further proceedings in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Any objection must be filed within **EIGHT DAYS** of the entry of this order. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that eight-day period, this matter will be referred to Judge Boom for her consideration.

This the 27th day of December, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

---

[5] Defense counsel did state that a motion to hire an expert for the purpose of addressing the factors under 18 U.S.C. § 3553(a) may be forthcoming.